IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:14-cr-00393-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| CRAIG ALAN OSTRANDER, | |
| Defendant. | |

Amy Potter
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, OR 97401

    Attorney for Plaintiff

Alison Clark
Office of the Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion. For the reasons that follow, the motion is denied.

## BACKGROUND

On September 28, 2015, Defendant pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Pet. & Order Entering Guilty Plea, ECF 37. On June 13, 2016, the Court sentenced Defendant to a 190-month term of imprisonment and a five-year term of supervised release. J. & Commitment, ECF 49. At the time of filing, Defendant had served approximately 30% of the sentence imposed and his projected release date was January 14, 2029. Def. Mot. 3, ECF 56; Gov't Resp. 1, ECF 61. Defendant is currently incarcerated at USP Canaan in Waymart, Pennsylvania.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress authorized the district court to modify a defendant's sentence on a motion for compassionate release by either the defendant or the Bureau of Prisons:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances, including "death or incapacitation of the caregiver of the defendant's minor child"; and (D) other reasons, as determined by the Director of the Bureau of Prisons, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n.1(A)-(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

The defendant seeking a reduction of his sentence bears the burden to establish that the defendant has exhausted his administrative remedies and that extraordinary and compelling reasons exist to warrant a reduction of his or her sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

## DISCUSSION

Defendant is 42 years old. He suffers from hypertension, type II diabetes, hyperlipidemia, a damaged liver, inflammatory gut issues, and obesity. Def. Ex. A, ECF 60. He argues that his medical conditions, combined with the pandemic and particular vulnerability of prisoners, provide extraordinary and compelling reasons to reduce his sentence. The government does not

dispute that Defendant is afflicted with health conditions which put him at greater risk of serious illness and/or death were he to contract COVID-19, but argues that Defendant is not eligible for a reduction in sentence because he is a danger to the community.[1]

The factors considered by the court when deciding whether a defendant is a danger to the safety of any other person or to the community are: (1) the nature and circumstances of the offense (including whether the offense is a crime of violence, a violation of 18 U.S.C. § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device); (2) the weight of the evidence; (3) the history and characteristics of the defendant (including, among other things, the defendant's character, physical and mental condition, and family ties and whether at the time of the offense or arrest the defendant was on probation, parole, or other release); and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g).

Defendant argues that he is not a danger to the community because his current conviction is for a non-violent drug offense and he has taken advantage of work opportunities and educational programming while incarcerated. Defendant also contends that "his most recent disciplinary reports show progress and a focus on rehabilitation." Def. Mot. 14. The Court disagrees.

Defendant has a significant criminal history spanning over two decades. He has been arrested more than a dozen times and has been convicted of multiple crimes involving violence and firearms. In 2002, he struck a woman in the face during an argument at a tavern. In 2004, he assaulted a victim with a firearm. The following year he was convicted of possession of a firearm

---

[1] The government agrees that Defendant has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Gov't Resp. 1.

in furtherance of a drug trafficking crime. Most recently, Defendant was in possession of two loaded firearms when he was arrested in connection with his current conviction. In short, Defendant's criminal history demonstrates that his release would present a danger to the community.

Defendant contends that with carefully tailored restrictions he can be supervised safely in the community; however, his previous conduct indicates otherwise. As the government notes:

> In 1996, [Defendant] violated the terms of his probation. When the court extended his probation, he again violated, and had his probation revoked. In 2001, he once again had his probation revoked. In 2004, he violated the terms of a domestic violence protection order. In 2012 and 2013, he had his supervised release revoked. Additionally, defendant has been released on bail, only to fail to appear in court, [] four times. On at least two of those occasions, he was found to have committed additional crimes the very same day he failed to appear in court.

Gov't Resp. 4 (internal citations omitted)."Thus, the Court has no confidence that supervision will be successful now." *United States v. Dean*, No. 3:18-CR-00119-SI, 2020 WL 3073199, at \*6 (D. Or. June 10, 2020) (finding the defendant was a danger to the community where he had an extensive criminal history of possessing firearms and committed several offenses while under court ordered supervision).

Finally, Defendant's assertion that "his most recent disciplinary reports show progress and a focus on rehabilitation" is belied by the record. Def. Mot. 14. Defendant's inmate disciplinary record details that he has committed 39 violations since 2006, including: assault, possession of a deadly weapon, destroying property, threatening bodily harm to staff and other inmates, possessing syringes, insubordination, using cannabis, possessing another inmate's urine while on the way to a drug test, using methamphetamine, interfering with staff, possession of alcohol, using restricted equipment, and fighting. Gov't Att. A, ECF 64. The government notes that 11 of these violations have occurred during his current sentence, which he only began

serving in 2016. *Id.* The Court finds that Defendant's disciplinary record further establishes that his release would present a danger to the community. Accordingly, Defendant has not carried his burden of showing that he is eligible for compassionate release.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [56] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED:  November 20, 2020  .

*[signature]*

MARCO A. HERNÁNDEZ
United States District Judge